UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN ANTHONY SMITH,

       Petitioner,

                                    Case No. 16-10098
v.                                  Honorable John Corbett O'Meara

DAVID BERGH,

       Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S
MOTION TO DISMISS THE HABEAS PETITION** [ECF No. 6]**,
DENYING PETITIONER'S MOTION FOR A HEARING** [ECF No. 5],
**AND DENYING PETITIONER'S MOTION TO COMPEL RESPONDENT
TO SUBMIT ADDITIONAL MATERIALS** [ECF No. 10]

This is a *pro se* habeas corpus case under 28 U.S.C. § 2254. State prisoner Edwin Anthony Smith ("Petitioner") challenges his Wayne County, Michigan conviction for one count of first-degree criminal sexual conduct. *See* Mich. Comp. Law § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen). Petitioner is serving a sentence of twenty-five to thirty-eight years in prison. Presently before the Court are Petitioner's motion for an evidentiary hearing, Petitioner's motion to compel respondent David Bergh ("Respondent") to file additional state-court materials, and Respondent's motion to dismiss the habeas petition on the basis that Petitioner failed to exhaust state remedies for all his claims. For the reasons given below, Respondent's motion to dismiss the habeas petition is denied without prejudice, and Petitioner is ordered to inform the Court whether he wishes to voluntarily dismiss his habeas petition, delete his unexhausted claims from his habeas petition, or have his habeas petition

stayed pending exhaustion of additional state remedies. Petitioner's motions for an evidentiary hearing and to compel Respondent to file additional state-court materials are denied.

## I. Background

Petitioner was charged in Wayne County, Michigan with three counts of criminal sexual conduct. The charges arose from allegations that Petitioner sexually penetrated his pre-teen stepdaughter. The Michigan Court of Appeals summarized the facts as follows:

> Defendant was . . . accused of penetrating the victim with two different sexual devices, one described as orange and the other as purple, and then performing cunnilingus on her. The police seized an orange device when they executed a search warrant, but a purple device was never found. During the early stages of the case, the prosecutor stated that the orange device would be submitted to the state police crime laboratory for DNA analysis, but this never occurred. At trial, defense counsel did not challenge the prosecutor's failure to pursue any DNA analysis of the orange device, and instead pursued a defense strategy of attacking the adequacy of the police investigation. Defense counsel vigorously cross-examined the officer-in-charge regarding the absence of any DNA analysis of the orange device and the failure to investigate other potentially exculpatory leads. Defense counsel also advanced the theory that the victim and her grandmother contrived the allegations so that the victim could live with her grandmother, who had a longstanding hostile relationship with her daughter, who was the victim's mother and defendant's wife.

*People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014).

On July 17, 2012, a Wayne County Circuit Court jury found Petitioner guilty of one count of first-degree criminal sexual conduct for the charge involving the orange object. The jury acquitted Petitioner of the other two counts of criminal sexual conduct. On July 31, 2012, the trial court sentenced Petitioner to prison for twenty-five to thirty-eight years.

Petitioner filed a claim of appeal, but then moved to hold the appeal in abeyance until the orange object could be tested for DNA. The Michigan Court of Appeals agreed to hold the appeal in abeyance, *see People v. Smith*, No. 312021 (Mich. Ct. App. Sept. 18, 2013), and on January 13, 2014, Bode Technology of Lorton, Virginia submitted a forensic case report to Petitioner's appellate attorney. The report stated that the partial DNA profile on one sample was consistent with a mixture of at least two individuals and that the DNA profile obtained from another sample was consistent with a mixture of at least two individuals, including at least one male contributor.

In a subsequent appellate brief filed through counsel, Petitioner argued that the statute providing for a mandatory sentence of twenty-five years in prison for first-degree CSC committed against a person under the age of thirteen violates the separation-of-powers doctrine by impermissibly infringing on the trial judge's discretion. In a *pro se* supplemental brief, Petitioner alleged that (1) the trial judge erred and deprived him of a fair trial by failing to control the proceedings at all times and by excluding exculpatory evidence, (2) the prosecution committed perjury to obtain his conviction, and (3) he was denied counsel at a critical state of the proceedings.

The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions. *See People v. Smith*, No. 312021, 2014 WL 4263093 (Mich. Ct. App. Aug. 28, 2014). Petitioner moved for reconsideration on grounds that the Court of Appeals erroneously stated that the orange device was never submitted to the crime laboratory for DNA analysis and that Petitioner wasسentenced as a habitual offender. The Court of Appeals denied reconsideration. *See People v. Smith*, No. 312021 (Mich. Ct. App. Oct. 13, 2014).

Petitioner raised the same four issues that he presented to the Michigan Court of Appeals in an application for leave to appeal in the Michigan Supreme Court. On May 28, 2015, the state supreme court denied leave to appeal because it was not persuaded to review the issues. *See People v. Smith*, 497 Mich. 1028; 863 N.W.2d 316 (2015). On December 27, 2015, Petitioner signed and dated his habeas petition.

## II. Discussion

### A. Respondent's Motion to Dismiss

Respondent contends that Petitioner failed to exhaust state remedies for all his claims. In the alternative, Respondent seeks to have Petitioner file a more definite statement of his claims. Petitioner maintains that he did exhaust state remedies for his claims.

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. To properly exhaust state remedies, the petitioner must fairly present the factual and legal basis for each of his habeas claims to the state court of appeals and to the state supreme court before raising his claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

**1. Habeas Claim One: The Trial Court Failed to Control the Proceedings.**

Petitioner's first ground for relief reads:

Mr. Smith was denied his fundamental Due Process protections to a fair trial as guaranteed under both State and Federal Constitutions, when [the] trial court failed to control the proceedings at all times, especially where exculpatory evidence was excluded at trial due to judicial error.

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 3.)

Petitioner raised this claim in his *pro se* supplemental brief on direct appeal of his conviction, but the basis for his argument was that the trial court failed to ensure that the prosecution fulfilled its promise to have DNA testing completed before trial and allowed the prosecution to try him without the test results. Petitioner also argued that the trial court ignored his inquiry about the crime lab reports at sentencing and allowed defense counsel to abandon him. (Defendant's Pro Per Brief on Appeal, ECF No. 7-21, Pg ID 1471-76.)

In his habeas petition, Petitioner argues that the trial court:

(a) allowed DNA test results to be excluded;

(b) allowed the prosecutor to breach a court order at trial;

(c) allowed the prosecutor to deceive jurors regarding DNA testing of the orange object;

(d) ignored Petitioner's request to conduct an *in camera* investigation of a transcript; and

(e) read a jury instruction that contradicted its "special conditions" court order.

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 3-4; *see also* Brief in Support of Pet., ECF No. 1, Pg ID 33-38.) To the extent claims 1(a), 1(b), 1(c), and 1(d) assert that the trial court allowed the prosecutor to proceed without the results of the DNA tests and

5

that the trial court ignored Petitioner's request at sentencing to have the court review the transcript of a calendar conference regarding DNA testing, those claims are exhausted. The remaining subclaim – 1(e) – and the allegation that the trial court violated Petitioner's right of confrontation were not raised on appeal and are not exhausted.

### 2. Habeas Claim Two: Prosecutorial Misconduct

Petitioner's second claim reads:

Mr. Smith was denied his constitutional and fundamental due process protections to a fair trial as guaranteed under both State and Federal Constitutions when the prosecution . . . proceeded against Mr. Smith and knowingly committed perjury to obtain a conviction . . . .

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 4.)

Petitioner raised this claim on appeal, asserting that the prosecution committed a fraud on the court by violating the State's perjury statute and by duping the jury in the absence of the DNA test results. Petitioner did not explain the manner in which the prosecutor allegedly committed perjury, but he did say that the jury had no idea that any DNA testing was done or would be done.

In his habeas petition, Petitioner asserts that the prosecution did all of the following:

(a) proceeded to trial without DNA test results;

(b) breached the trial court's October 4, 2011 "special conditions" order;

(c) broke her promise to provide the defense with the DNA test results when she received them;

(d) broke the chain of custody;

(e) presented fabricated trial testimony and misled jurors when she presented Officer Kimree Beckem to the jurors as the officer in charge of the case;

(f) knew false and misleading statements were being made concerning testing of the orange object;

(g) maliciously elicited false and misleading testimony from Officer Kimree Beckem;

(h) failed to correct Officer Beckem's false statements;

(i) omitted her October 4, 2011 calendar conference representations to mislead jurors regarding the DNA testing of the orange device;

(j) knew or should have known that she was conducting herself in ways that undermined the integrity of the judicial process;

(k) represented to the court and to defense counsel that the DNA testimony would take about 30 days; and

(l) knew or should have known that jury instruction 20.25 was an improper jury instruction.

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 4-6; *see also* Brief in Support of Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 17 (alleging, among other things, that the prosecutor suppressed and failed to preserve evidence)). Claim 2(a) is exhausted to the extent it asserts that the prosecutor duped the jury by proceeding to trial without the DNA results and without informing the jury about the DNA testing. The remaining sub-claims – 2(b) through 2(l) and the additional claim in Petitioner's brief that the prosecutor suppressed and failed to preserve evidence are not exhausted.

   **3. Claim Three: Denial of Counsel at Critical Stages**

   Petitioner's third habeas claim reads:

   Mr. Smith was denied his fundamental and constitutional right to a fair trial as guaranteed under both State and Federal Constitutions when he was denied counsel at the critical . . . stages of the proceedings [by] counsel's refusal to investigate . . . the case as outlined in this pleading.

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 6.)

7

Petitioner raised this claim on appeal, but the primary basis for his claim was that trial counsel refused to investigate the case and did not prepare adequately for trial. He also alleged that trial counsel failed to object to the trial court's lack of control over the proceedings and failed to object to the prosecutor's alleged perjury. He did not explain how the prosecutor perjured herself except to say that the perjury "centered around certain DNA testing." (Defendant's Pro Per Brief on Appeal, ECF No. 7-21, Pg ID 1482.)

In his habeas petition, Petitioner alleges that his trial attorney:

(a)  failed to investigate the case;

(b)  failed to raise scientific DNA testing as being an additional issue that predecessor counsel failed to pursue;

(c)  failed to cross-examine predecessor counsel at the show-cause hearing;

(e)[1]  failed to timely object to the prosecutor's admission of the orange object;

(f)  allowed the chain of custody to be broken;

(g)  failed to file a motion to suppress the orange object;

(h)  failed to move to dismiss the third count;

(i)  failed to object to the prosecutor's suppression of DNA test results;

(j)  failed to timely object to the prosecutor's presentation to jurors that Officer Kimree Beckem was the officer in charge;

(k)  failed to object to the prosecutor misleading jurors concerning the DNA testing of the orange object;

(l)  failed to consult with or call an expert witness on DNA evidence;

(m) failed to object to an improper jury instruction for count 3;

---

[1]  There is no sub-claim 3(d) in the habeas petition.

8

(n) failed to request an *in camera* inspection of the October 4, 2011 calendar conference transcript; and

(o) failed to request that DNA testing be conducted on the orange object.

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 7-9; *see also* Brief in Support of Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 25-32.)

Claim 3(a) (failure to investigate) was raised on direct appeal and is exhausted. The remaining sub-claims – 3(b) through 3(o) – are not exhausted.

### 4. Claim Four: Appellate Court Error

Petitioner's fourth and final claim reads:

> Mr. Smith was denied his constitutional and fundamental due process protections to a fair appellate process . . . when the Michigan Court of Appeals . . . failed to rule on the merits of the Bode Technology Crime Lab DNA test results . . . .

(Pet. for Writ of Habeas Corpus, ECF No. 1, Pg ID 10.)

Petitioner did not raise this claim in the Michigan Court of Appeals or in the Michigan Supreme Court. Although the claim was not ripe until after the Michigan Court of Appeals issued its decision, Petitioner could have raised the claim in his motion for reconsideration and then in his application for leave to appeal in the Michigan Supreme Court. Because he failed to do so, his fourth claim is unexhausted.

The foregoing analysis demonstrates that Petitioner's habeas petition is a "mixed petition" of exhausted and unexhausted claims. Courts ordinarily must dismiss "mixed" petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (stating that "[a] federal district court,

9

generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not"). But when the Supreme Court

> decided *Lundy*, there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease. *See Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (dismissal without prejudice under *Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion").

*Rhines v. Weber*, 544 U.S. 269, 274 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "dramatically altered the landscape for federal habeas corpus petitions" by "preserv[ing] *Lundy's* total exhaustion requirement," but also "impos[ing] a 1-year statute of limitations on the filing of federal petitions." *Id.*

> Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan* [*v. Walker*, 533 U.S. 167, 181-82 (2001)].
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id.* at 274-75. Given this dilemma, courts may do one of the following with a

> "mixed" petition:
>
> (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S. Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S. Ct. 1528; (3) permit the petitioner to dismiss the unexhausted

10

claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). *See Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000).

*Harris*, 553 F.3d at 1031–32 (emphases in original).

The Court declines to ignore the exhaustion requirement and, instead, denies Respondent's motion to dismiss and orders Petitioner to inform the Court whether he wishes to (1) voluntarily dismiss his mixed petition, (2) have the Court hold his petition in abeyance while he returns to state court to raise his unexhausted claims, or (3) delete his unexhausted claims and have the Court proceed with his exhausted claims. Petitioner's failure to comply with this order within twenty-eight (28) days of the date of this order may result in the dismissal of the petition.

**B. Petitioner's Motion for an Evidentiary Hearing**

Petitioner seeks an evidentiary hearing to develop the facts for his claims about the trial court, the prosecutor, and defense counsel. AEDPA, however,

> restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)]; 28 U.S.C. § 2254(d)(2). If a claim has not been adjudicated on the merits in a state court proceeding, 28 U.S.C. § 2254(e)(2) applies. This section provides:
>
>> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>>
>>> (A) the claim relies on—
>>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

11

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> *Id*.

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

The Michigan Court of Appeals adjudicated Petitioner's claim about defense counsel on the merits. Consequently, this Court's review of that issue "is limited to the record that was before the state court." *Pinholster*, 563 U.S. at 181.

The Court of Appeals reviewed Petitioner's claims about the prosecutor and the trial court for "plain error" because Petitioner did not object to the claimed errors at trial. The Court therefore assumes, for purposes of Petitioner's motion, that the state court's decision on Petitioner's claims about the prosecutor and the trial court was not an adjudication on the merits and that § 2254(e)(2) applies.

Petitioner requested an evidentiary hearing in his *pro se* supplemental brief on appeal, but he apparently did not file a separate motion for a remand to the trial court for an evidentiary hearing. Thus, he failed to develop the factual basis for his claims about the prosecutor and the trial court in state court. And because he is not relying on a new and retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, the Court is not required to hold an evidentiary hearing. The Court therefore denies Petitioner's motion for an evidentiary hearing (ECF No. 11).

12

**C. Petitioner's Motion to Compel**

In his second motion, Petitioner seeks to have Respondent file the transcript of Petitioner's arraignment, the transcript of a calendar conference held on October 4, 2011, and the trial court's summary of the calendar conference. A review of the items filed by Respondent on July 20, 2016, indicates that the transcripts Petitioner seeks have already been filed. A transcript titled "Motion" indicates that Petitioner waived formal reading of the charges against him and stood moot at his arraignment. (ECF No. 7-4, Pg ID 390.) Respondent also filed the transcript of the calendar conference held on October 4, 2011. (ECF No. 7-3.) As for the trial court's written summary of what occurred at the calendar conference, Petitioner attached the summary to his motion to compel. (ECF No. 10, Pg ID 1640.)

To conclude, the items which Petitioner has asked Respondent to file with the Clerk of the Court are already a part of the record before the Court. Accordingly, the Court denies Petitioner's motion to compel (ECF No. 5).

### III. Conclusion and Order

For the reasons given above, the Court rules as follows:

• Respondent's motion to dismiss (ECF No. 6) is denied without prejudice;

• Petitioner is ordered to inform the Court within twenty-eight days of the date of this order whether he wishes to (1) voluntarily dismiss his mixed petition, (2) have this Court hold his petition in abeyance while he returns to state court to raise his unexhausted claims there, or (3) delete his unexhausted claims and have the Court proceed with his exhausted claims;

• Petitioner's motion for an evidentiary hearing (ECF No. 5) is denied; and

13

• Petitioner's motion to compel Respondent to file additional materials (ECF No. 10) is denied.

Date: February 9, 2017                    s/John Corbett O'Meara
                                          United States District Judge


I hereby certify that on February 9, 2017 a copy of this order was served upon the parties of record using the ECF system, and/or by first-class U.S. mail.

                                          s/William Barkholz
                                          Case Manager

14