UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN ANTHONY SMITH,

    Petitioner,

v.

    Case No. 16-cv-10098
    Honorable John Corbett O'Meara

DAVID BERGH,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO AMEND
HIS BRIEF** [ECF No. 14] **AND DIRECTING RESPONDENT
TO FILE AN ANSWER TO PETITIONER'S EXHAUSTED CLAIMS**

**Background**

This matter is pending before the Court on petitioner Edwin Anthony Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne County conviction for first-degree criminal sexual conduct, Mich. Comp. Law § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen). The facts leading to this conviction have been summarized by the Michigan Court of Appeals as follows:

> Defendant was . . . accused of penetrating the victim with two different sexual devices, one described as orange and the other as purple, and then performing cunnilingus on her. The police seized an orange device when they executed a search warrant, but a purple device was never found. During the early stages of the case, the prosecutor stated that the orange device would be submitted to the state police crime laboratory for DNA analysis, but this never occurred. At trial, defense counsel did not challenge the prosecutor's failure to pursue any DNA analysis of the orange device, and instead pursued a defense strategy of attacking the adequacy of the police investigation. Defense counsel vigorously cross-examined the officer-in-charge regarding the absence of any DNA

analysis of the orange device and the failure to investigate other potentially exculpatory leads. Defense counsel also advanced the theory that the victim and her grandmother contrived the allegations so that the victim could live with her grandmother, who had a longstanding hostile relationship with her daughter, who was the victim's mother and defendant's wife.

*People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014). The Michigan Court of Appeals affirmed Petitioner's conviction, *see id.*, and on May 28, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Smith,* 497 Mich. 1028; 863 N.W.2d 316 (2015).

Petitioner filed his habeas petition (ECF No. 1) on January 12, 2016. Respondent moved to dismiss the petition on the basis that Petitioner had failed to exhaust state remedies for all his claims. Alternatively, Respondent sought to have Petitioner file a more definite statement of his claims. (ECF No. 6.)

In an order addressing Respondent's motion (ECF No. 12), the Court summarized Petitioner's habeas claims as follows:

1. The trial court failed to control the proceedings by:

    (a) allowing DNA test results to be excluded;

    (b) allowing the prosecutor to breach a court order at trial;

    (c) allowing the prosecutor to deceive jurors regarding DNA testing of the orange object;

    (d) ignoring Petitioner's request to conduct an *in camera* investigation of a transcript; and

    (e) reading a jury instruction that contradicted its "special conditions" court order.

2. The prosecutor:

    (a) proceeded to trial without DNA test results;

(b) breached the trial court's October 4, 2011 "special conditions" order;

(c) broke her promise to provide the defense with the DNA test results after she received them;

(d) broke the chain of custody;

(e) presented fabricated trial testimony and misled the jurors when she presented Officer Kimree Beckem to the jurors as the officer in charge of the case;

(f) knew false and misleading statements were being made concerning testing of the orange object;

(g) maliciously elicited false and misleading testimony from Officer Kimree Beckem;

(h) failed to correct Officer Beckem's false statements;

(i) omitted her October 4, 2011 calendar conference representations to mislead jurors regarding the DNA testing of the orange device;

(j) knew or should have known that she was conducting herself in ways that undermined the integrity of the judicial process;

(k) represented to the court and to defense counsel that the DNA testimony would take about 30 days; and

(l) knew or should have known that jury instruction 20.25 was an improper jury instruction.

3. Defense Counsel:

(a) failed to investigate the case;

(b) failed to raise scientific DNA testing as being an additional issue that predecessor counsel failed to pursue;

(c) failed to cross-examine predecessor counsel at the show-cause hearing;

(e)[1] failed to timely object to the prosecutor's admission of the orange object;

(f) allowed the chain of custody to be broken;

(g) failed to file a motion to suppress the orange object;

(h) failed to move to dismiss the third count;

(i) failed to object to the prosecutor's suppression of DNA test results;

(j) failed to timely object to the prosecutor's presentation to jurors that Officer Kimree Beckem was the officer in charge;

(k) failed to object to the prosecutor misleading jurors concerning the DNA testing of the orange object;

(l) failed to consult with or call an expert witness on DNA evidence;

(m) failed to object to an improper jury instruction for count 3;

(n) failed to request an *in camera* inspection of the October 4, 2011 calendar conference transcript; and

(o) failed to request that DNA testing be conducted on the orange object.

4. He was denied a fair appellate process when the Michigan Court of Appeals failed to rule on the merits of the Bode Technology Crime Lab DNA test results.

The Court determined that Petitioner had exhausted state remedies for:

claims 1(a), 1(b), 1(c), and 1(d) to the extent they asserted that the trial court allowed the prosecutor to proceed without the results of the DNA tests and that the trial court ignored Petitioner's request at sentencing to have the court review the transcript of a calendar conference regarding DNA testing;

claim 2(a) to the extent it asserted that the prosecutor duped the jury by proceeding to trial without the DNA results and without informing the jury about the DNA testing; and

---

[1] There is no sub-claim 3(d) in the habeas petition.

4

claim 3(a) (failure to investigate).

The Court stated that the following claims were *not* exhausted in state court:

sub-claim 1(e) and the allegation that the trial court violated Petitioner's right of confrontation;

sub-claims 2(b) through 2(l) and the additional claim that the prosecutor suppressed and failed to preserve evidence;

sub-claims 3(b) through 3(o); and

Petitioner's fourth claim.

The Court denied without prejudice the State's motion to dismiss the petition and ordered Petitioner to inform the Court whether he wished to (1) voluntarily dismiss his habeas petition, (2) have the Court hold his petition in abeyance while he pursued state remedies for his unexhausted claims, or (3) delete his unexhausted claims and have the Court proceed with his exhausted claims. In a response to the Court's order (ECF No. 13), Petitioner chose the third option and asked the Court to delete his unexhausted claims and to proceed with his exhausted claims.

Petitioner subsequently moved to amend his habeas brief to include a portion of the victim's testimony at his preliminary examination. (ECF No. 14.) Petitioner asked to have the record reflect the victim's testimony at the preliminary examination that she put the orange object inside herself before Petitioner put the toy inside her. (9/27/11 Prelim. Examination Tr. at 28.)

**Order**

Petitioner's motion to amend his brief to include testimony from the preliminary examination (ECF No. 14) is granted, because the entire transcript of the preliminary

5

examination is already a part of the record before the Court, *see* ECF No. 7-2, and Petitioner appears to be clarifying his arguments rather than adding a new claim.

The Court orders Respondent to file an answer to Petitioner's exhausted claims, as enumerated above. The response shall be due within sixty (60) days of the date of this order. Petitioner shall have forty-five (45) days from the date of Respondent's response to file a reply.

Date: August 9, 2017  s/John Corbett O'Meara
United States District Judge

I hereby certify that on August 9, 2017, a copy of this order was served upon the parties of record using the ECF system, and/or first-class U.S. mail.

s/William Barkholz
Case Manager