UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWIN ANTHONY SMITH,

      Petitioner,

                                                    Case No. 16-cv-10098
v.                                          Honorable John Corbett O'Meara

DAVID BERGH,

      Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS TO STRIKE [17, 20],
MOTION FOR RELEASE ON BOND [21], AND
MOTION FOR EXPEDITED REVIEW [22]**

**I. Introduction and Background**

This matter is pending before the Court on petitioner Edwin Anthony Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne County conviction for first-degree criminal sexual conduct (CSC). *See* Mich. Comp. Law § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen). The facts leading to this conviction have been summarized by the Michigan Court of Appeals as follows:

> Defendant was charged with three counts of CSC I arising out of the sexual penetration of his preteen stepdaughter. He was accused of penetrating the victim with two different sexual devices, one described as orange and the other as purple, and then performing cunnilingus on her. The police seized an orange device when they executed a search warrant, but a purple device was never found. During the early stages of the case, the prosecutor stated that the orange device would be submitted to the state police crime laboratory for DNA analysis, but this never occurred. At trial, defense counsel did not challenge the prosecutor's failure to pursue any DNA analysis of the orange device, and instead pursued a defense strategy of attacking the adequacy of the police investigation. Defense counsel vigorously cross-examined the officer-in-charge regarding the

> absence of any DNA analysis of the orange device and the failure to investigate other potentially exculpatory leads. Defense counsel also advanced the theory that the victim and her grandmother contrived the allegations so that the victim could live with her grandmother, who had a longstanding hostile relationship with her daughter, who was the victim's mother and defendant's wife. The jury convicted defendant of one count of CSC I for the charge of sexual penetration involving the orange object, but acquitted him of the remaining two counts.

*People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014). The Michigan Court of Appeals affirmed Petitioner's conviction, *see id.*, and on May 28, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Smith,* 497 Mich. 1028; 863 N.W.2d 316 (2015).

Petitioner filed his habeas petition (ECF No. 1) on January 12, 2016. Respondent moved to dismiss the petition on the basis that Petitioner had failed to exhaust state remedies for all his claims. (ECF No. 6). The Court agreed that Petitioner had not exhausted state remedies for some of his claims, but denied the State's motion and ordered Petitioner to inform the Court how he wanted to proceed. (ECF No. 12). Petitioner then asked the Court to delete his unexhausted claims and to proceed with his exhausted claims. (ECF No. 13).

Petitioner subsequently moved to amend his habeas brief to include a portion of the victim's testimony at his preliminary examination. (ECF No. 14). The Court granted Petitioner's motion to amend and ordered the State to file an answer to the petition. (ECF No. 16). On October 5, 2017, the State filed its answer, arguing that Petitioner's claims are procedurally defaulted, not cognizable on habeas review, or meritless and that the state appellate court's rejection of Petitioner's claims was objectively reasonable. (ECF No. 18). Now before the Court are Petitioner's motions to strike, for release on bond, and for expedited review of his claims. (ECF Nos. 17 and 20-22).

2

## II. Discussion

### A. The Motions to Strike

#### 1. The Motion to Strike the Court's Previous Order

Petitioner has filed two motions to strike. In the first motion, Petitioner argues that the Court erred in its order granting his motion to amend when it stated that Petitioner wanted "to have the record reflect the victim's testimony at the preliminary examination that she put the orange object inside herself before Petitioner put the toy inside her." *See* Order Granting Pet'r Mot. to Amend, page 5 (ECF No. 16, Page ID 1700).[1] Petitioner contends that the Court's use of the word "before" is highly prejudicial to him and could cause a manifest injustice in this case. According to Petitioner, he only meant to have the record reflect that the victim admitted use of the orange object on herself.

---

[1] The relevant portion of the victim's testimony at the preliminary examination reads:

> Q [by the prosecutor] On Labor Day night when he put the toys inside you, when Anthony put the toys inside of you, is that the first time you had seen those toys?
>
> A [by the victim] No.
>
> Q  You had seen them before?
>
> A  Yes.
>
> Q  Had you put them inside you before?
>
> A  Yes, only one.
>
> Q  Which one?
>
> A  The little one, the orange one.

9/27/11 Prelim. Examination Tr., p. 28 (ECF No. 7-2, Page ID 348).

3

The Court may have misunderstood Petitioner's motion to amend, but the Court does not believe it is necessary to strike its order granting Petitioner's motion to amend his brief. Instead, the Court will keep in mind that Petitioner is asking only to have the record reflect that the victim admitted to using the orange object on herself. The Court denies Petitioner's first motion to strike (ECF No. 17).

**2. The Motion to Strike Parts of Respondent's Answer**

In his second motion to strike, Petitioner asks the Court to strike portions of Respondent's answer to his habeas petition. Petitioner alleges that he was repulsed by the Respondent's scandalous accusations that he "sexually assaulted his two young stepdaughters with adult sex toys" and that he was sentenced "as a third-habitual offender." *See* Answer in Opp'n to Pet. for Writ of Habeas Corpus, page 1 (ECF No. 18, Page ID 1712). Petitioner claims that there was only one victim and that he was not sentenced as a third habitual offender.

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Furthermore, even if the Court finds on further review of the record that Respondent made a factual error in its answer to the habeas petition, the Court will not rely on any false allegations when adjudicating Petitioner's habeas claims. The Court, therefore, denies Petitioner's second motion to strike (ECF No. 20).

### B. The Motion for Bond

Petitioner seeks release on bond on grounds that his claims are substantial and that the misconduct of the trial judge, prosecutor, and defense attorney is an exceptional circumstance warranting special treatment. To prevail on his motion, Petitioner must show that, "in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted).

"Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the standard established in *Aronson. Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

The state appellate court's resolution of Petitioner's claims indicates that Petitioner's claims are not substantial. Further, there are no circumstances here making Petitioner's application exceptional and deserving of special treatment in the interests of justice. Accordingly, the Court denies Petitioner's motion for bond (ECF No. 21).

### C. The Motion for Expedited Review

In his fourth and final motion, Petitioner asks the Court to expeditiously resolve his claims. Petitioner contends that his case merits expedited review because he is

innocent and because each of his claims is supported by documented facts which demonstrate that constitutional violations occurred.

If this were a capital case and the Court had granted a stay of execution, the Court would be required "to take all steps necessary to ensure a prompt resolution of the matter . . ." *In re Blodgett*, 502 U.S. 236, 240 (1992). But this is not a capital case, and a preliminary review of the state appellate court's decision indicates that some of Petitioner's claims may be procedurally defaulted and that the state court's decision is objectively reasonable. Accordingly, the Court denies Petitioner's motion to expedite review of his case (ECF No. 22).

### III. Conclusion

To summarize, and for the reasons given above, the Court

• denies Petitioner's motions to strike (ECF Nos. 17 and 20);

• denies Petitioner's motion for release on bond (ECF No. 21); and

• denies Petitioner's motion to expedite review of his case (ECF No. 22).


Date: March 19, 2018                     s/John Corbett O'Meara
                                         United States District Judge


I hereby certify that on March 19, 2018, a copy of this order was served upon counsel of record using the ECF system, and upon Petitioner using first-class U.S. mail.

                                         s/William Barkholz
                                         Case Manager