UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EDWIN ANTHONY SMITH**, Petitioner, v. **DAVID BERGH**, Respondent. | 2:16-cv-10098 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR EVIDENTIARY HEARING** |

Petitioner Edwin A. Smith ("Petitioner") is currently a state prisoner at Kinross Correctional Facility in Kincheloe, Michigan. This Court previously denied Petitioner's *pro se* habeas petition challenging his conviction for first-degree criminal sexual conduct in violation of Mich. Comp. Law § 750.520(1)(a). ECF No. 28 (Jan. 31, 2019 Order). Petitioner now asks the Court to reconsider its previous order denying habeas relief and again requests an evidentiary hearing. ECF Nos. 32, 33.

Petitioner urges that, because he has produced evidence rebutting the Michigan Court of Appeals' findings, this Court should not apply the highly deferential standard for evaluating state-court rulings mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

Supreme Court precedent. *See* ECF No. 32 PageID.1886–87 (Pet.'s Br.). *Cf.* 28 U.S.C. § 2254(d); *Renico v. Lett*, 559 U.S. 766, 773 (2010). He also seeks an evidentiary hearing to examine both the results of DNA analysis, which he considers exculpatory, and certain alleged misconduct by the prosecutor.

## DISCUSSION

The factual and procedural background of this matter are set forth in detail in this Court's previous Order. *See* ECF No. 28 PageID.1846–51. On January 31, 2019, the Court issued an Order denying Petitioner's writ of habeas corpus, motion to reconsider, and motion to submit his habeas petition for the Court's consideration. *See* ECF No. 28. In response, Petitioner filed a motion for extension of time to file a motion for reconsideration, which this Court granted. ECF No. 31. Petitioner then filed his motions for reconsideration and for an evidentiary hearing on March 31, 2019. Those motions are now before the Court.

Motions for reconsideration are governed by Local Rule 7.1(h)(3). That rule provides that the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id*. To warrant reconsideration, "the movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting

the defect will result in a different disposition of the case." *Id.*

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Am. Pie Pizz, Inc. v. Holton Holdings, Inc.*, No. 2:10-cv-13106, 2011 WL 652834, at *1 (E.D. Mich. Feb. 14, 2011) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.,* 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Maiberger v. City of Livonia,* 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

There are three generally recognized grounds upon which a party may properly seek reconsideration of a court's previous ruling: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in the controlling law. *Eggelston v. Nexteer Auto. Corp.,* 2018 WL 2117754, at *2 (E.D. Mich. May 8, 2018). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Estate of Fahner ex rel. Fahner v. Cnty. of Wayne,* No. 2:08-cv-14344, 2012 WL 2087070, at *1 (E.D. Mich. June 8, 2012).

**A. Alleged misrepresentation by Michigan Court of Appeals**

Petitioner first asks this Court to reconsider its previous Order on the basis that the Court should not have deferred to factual findings the Michigan Court of Appeals made based on the state trial record. ECF No.

32 PageID.1880. Petitioner avers he has presented clear and convincing evidence that rebuts factual findings by the Michigan Court of Appeals. ECF No. 32 PageID.1880–81. More specifically, Petitioner purports that the Michigan Court of Appeals misstated portions of the trial record relevant to whether the orange sex toy at issue in the underlying case had already been, or would be, sent to the state crime lab for testing before his criminal trial. ECF No. 32 PageID.1880–81.

As discussed in this Court's January 31, 2019 Order, a district court may not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless that adjudication runs contrary to, or involves an unreasonable application of, United States Supreme Court precedent, or incorporates an "unreasonable determination of the facts in light of the evidence presented" in the state-court proceedings. 28 U.S.C. § 2254(d). *See Moore v. Mitchell*, 708 F.3d 760, 774 (6th Cir. 2013). The district court is also required to presume the state court's factual findings are correct unless rebutted by "clear and convincing evidence." *Robinson v. Howes*, 663 F.3d 819, 825 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness also applies to the factual findings made by a state appellate court based on the state trial record." *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 499 U.S. 539, 546–47 (1981)).

Here, Petitioner relies on an alleged discrepancy between the trial record and the Michigan Court of Appeals' discussion of that record to

4

argue that the appellate court's factual findings are not entitled to deference—namely, the state appellate court's finding that DNA testing on the orange sex toy was not completed until after Petitioner's criminal trial. As described by Petitioner, during an October 4, 2011 calendar conference in his case the prosecutor indeed indicated that a search warrant for two sex toys believed to be involved in the underlying crime had been executed and that "at least one of those has been sent to the Michigan State Police lab for DNA testing." ECF No. 32 PageID.1903. The prosecutor acknowledged she had "not received those results" as of the date of the conference but agreed to "pass them on to defense counsel" when they became available. *Id.* As explained by the Michigan Court of Appeals, however, this planned DNA testing did not actually take place before trial. *People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014) (*per curiam*) (unpublished). At trial, "[d]efense counsel's cross-examination of the officer-in-charge left no doubt that DNA analysis of the object was never obtained." *Id.* And defense counsel in fact used the absence of DNA analysis to call the investigating officer's judgment into question. *Id.* at *4. A September 18, 2013 letter from the State Appellate Defender Office addressed to Petitioner more than a year after his trial and conviction further explained that the orange sex toy had in fact never been tested because "the DPD [Detroit Police Department] does not have the complainant's DNA." ECF No. 1-4 PageID.233. This evidence belies Petitioner's claim that potentially

5

exculpatory results of DNA analysis were withheld from the defense at trial. The Court finds Petitioner has not presented clear and convincing evidence to rebut the Michigan Court of Appeals' factual finding that DNA testing was not completed until after Petitioner's trial. Moreover, the results eventually obtained from DNA testing were inconclusive and consistent with a mixture of DNA of at least two individuals including one male contributor. ECF No. 1 PageID.235–36. They are therefore not exculpatory.

Based on the foregoing, as previously determined by this Court, the Michigan Court of Appeals' decision was not contrary to or rooted in an unreasonable application of United States Supreme Court precedent, or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). *See* ECF No. 28 at PageID.15. Because Petitioner has failed to establish an "obvious, clear, unmistakable, manifest, or plain" palpable defect in this Court's prior decision, his motion for reconsideration will be denied. *Am. Pie Pizz, Inc.*, 2011 WL 652834 at *1.

**B. Perjured testimony by Officer Beckem**

Petitioner appears also to seek reconsideration of this Court's previous finding that he is not entitled to habeas relief on his claim that the prosecutor permitted a government witness, Officer Beckem, to perjure himself during his trial testimony. ECF No. 32 PageID.1885, 1891. Petitioner previously raised this claim in his habeas petition but

6

asks the Court to again direct its attention to Officer Beckem's testimony regarding the victim's alleged use of the orange sex toy. *Id.* This request is not accompanied by any previously undiscoverable evidence or other information that warrants reconsideration of this claimed basis for habeas relief and therefore "merely present[s] the same issues ruled upon by the court, either expressly, or by reasonable implication." L.R. 7.1(h)(3). As previously determined by the Court, Petitioner has not presented evidence that Officer Beckem's testimony regarding DNA testing of the orange sex toy was plainly factually false, that it was material, or that the prosecution knew it was false. *See* ECF No. 28 PageID.28. *See Rosencrantz v. Lafler,* 568 F.3d 577, 583–84 (6th Cir. 2009). Accordingly, the Court will deny Petitioner's motion to reconsider its denial of habeas relief on this basis and reiterate its consensus with the Michigan Court of Appeals that "[o]n the record, there is no basis for defendant's claim that he was convicted through the use, knowing or otherwise, of perjured testimony." *Smith*, 2014 WL 4263093 at *4.

### C. Motion for evidentiary hearing

Petitioner has failed to present facts or evidence that entitle him to an evidentiary hearing. Under 28 U.SC. § 2254(e)(2), "the court shall not hold an evidentiary hearing" on a claim for habeas relief unless the petitioner relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "a factual predicate that could not have been

7

previously discovered through the exercise of due diligence"; *and* "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

As found by the Michigan Court of Appeals, there were no DNA results at the time of trial for the prosecutor to turn over to defense counsel. *Smith*, 2014 WL 4263093 at *3–4. Further, the eventual results of DNA testing on the orange sex toy are already in Petitioner's possession. *See* ECF No. 1 PageID.235–36 (results of DNA analysis attached to Petitioner's brief). Petitioner has not cited any new rule of constitutional law that could be applied to him retroactively, or any new evidence that could not have previously been discovered through the exercise of due diligence. Moreover, it does it appear, based on the evidentiary record examined by the trial court, the Michigan Court of Appeals, and now by this Court, that the facts underlying Petitioner's claims, even if proven to be true, would be sufficient to establish constitutional error. Petitioner's motion for an evidentiary hearing will therefore be denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's motion for reconsideration (ECF No. 32) is **DENIED**. His motion for an evidentiary hearing (ECF No. 33) is also **DENIED.** The Court will deny

a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the Petitioner decides to appeal this Court's decision regardless, he may proceed *in forma pauperis* because an appeal could be taken in good faith.

Petitioner is instructed not to file additional motions for reconsideration without leave of this Court.

**SO ORDERED.**

Dated: July 17, 2019         s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 17, 2019.

s/A. Chubb
Case Manager