UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EDWIN ANTHONY SMITH**, Petitioner, v. **DAVID BERGH**, Respondent. | 2:16-cv-10098 HON. TERRENCE G. BERG **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

Petitioner Edwin Anthony Smith, a state prisoner at the Kinross Correctional Facility in Kincheloe, Michigan, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. The pro se habeas petition challenged Petitioner's conviction for first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen). This Court denied the habeas petition and Petitioner's subsequent motion for reconsideration. The Sixth Circuit then declined to grant Petitioner a certificate of appealability. Now before the Court are Petitioner's motion for relief from judgment under Rule 60(b), which he also frames as a Rule 60(d) independent action, and his request to amend that motion. ECF Nos. 38, 39. The Rule 60 motion and independent action alleges fraud on the Court. But because Petitioner has failed to show that an officer of the court committed fraud on this

1

Court, the motion for relief from judgment, ECF No. 38, will be denied. The Court will grant the motion to amend, ECF No. 39, and has considered the arguments contained in that brief.

## BACKGROUND

Petitioner was charged with three counts of first-degree criminal sexual conduct arising from the sexual penetration of his then-twelve-year-old stepdaughter. *People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014) (per curiam) (unpublished). At trial, Petitioner's stepdaughter testified that Petitioner penetrated her with two sex toys, one orange and the other purple, and then performed oral sex on her. *Id*. When the police executed a search warrant, they seized an orange sex toy from among Petitioner's belongings. *Id*. The purple sex toy was never found. *Id*. During the case's early stages, the prosecutor said she would send the orange sex toy to the state crime lab for DNA analysis but never did. *Id*. During Petitioner's 2012 trial, defense counsel did not challenge the prosecutor's failure to have the orange sex toy tested for DNA evidence. *Id*. Instead, counsel aggressively cross-examined the officer in charge of the criminal investigation on her decision *not* to conduct DNA analysis, as well as her failure to investigate other potentially exculpatory leads. *Id*. Upon the completion of the trial in Wayne County Circuit Court, a jury convicted Petitioner of one count of first-degree criminal sexual conduct for sexual penetration of the

2

complainant using the orange sex toy. *Id.* Petitioner was acquitted of the remaining two counts. *Id.* The trial court sentenced Petitioner as a third habitual offender to 25 to 38 years in prison. *Id.*

Petitioner appealed his conviction to the Michigan Court of Appeals. Before that court, he argued that the Michigan statute requiring him to serve a minimum sentence of 25 years violated the separation-of-powers doctrine by infringing on the sentencing judge's discretion. In a separate pro se supplemental brief, Petitioner offered additional grounds for relief, arguing that the trial court failed to control the proceedings, especially by allowing exculpatory evidence to be excluded, that the prosecution relied on perjured testimony to obtain the conviction, and that trial counsel was ineffective in failing to investigate the case, refusing to object to the trial court's failure to control the proceedings, and refusing to object to the prosecutor's conduct.

The Michigan Court of Appeals agreed to hold Petitioner's appeal in abeyance so that the orange sex toy could be tested for DNA. *See People v. Smith*, No. 312021 (Mich. Ct. App. Sept. 18, 2013). A few months later, on January 13, 2014, Bode Technology of Lorton, Virginia submitted a forensic case report to Petitioner's appellate attorney. ECF No. 1, PageID.235–36 (Habeas Pet.). DNA analysis was conducted on samples taken from two parts of the orange sex toy involved in the underlying case. *Id.* The lab's report concluded that the partial DNA profile obtained

3

from one of the samples was "consistent with a mixture of at least two individuals" but "no conclusions [could] be made on the partial DNA profile." *Id*. at PageID.235. Petitioner's conviction was ultimately upheld by the Michigan Court of Appeals, which concluded that none of Petitioner's claims warranted relief. *Smith*, 2014 WL 4263093. Petitioner then raised the same claims in the Michigan Supreme Court, which denied leave to appeal on May 28, 2015. *See People v. Smith,* 863 N.W.2d 316 (Mich. 2015).

Petitioner filed his federal habeas petition in 2016. As grounds for relief, he alleged that: the trial court failed to take appropriate action in response to the prosecutor's failure to present DNA evidence at trial; the prosecutor committed misconduct by choosing not to pursue DNA testing and by presenting perjured testimony; and that trial counsel was ineffective in failing to investigate and present potential defenses. The Court denied the habeas petition on January 31, 2019 because Petitioner's claims about the trial court and prosecutor were procedurally defaulted, and because the state appellate court's adjudication of Petitioner's claim about trial counsel was reasonable. ECF No. 28 (Jan. 31, 2019 Order).

Petitioner moved for reconsideration of the Court's order and for an evidentiary hearing. ECF Nos. 32, 33. He argued that, because he had produced evidence rebutting the Michigan Court of Appeals' findings, the

Court should not apply the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2244(b), and relevant Supreme Court precedent. Petitioner sought an evidentiary hearing regarding the prosecutor's alleged misconduct and results of the DNA analysis. The Court denied those motions, declined to issue a certificate of appealability, and instructed Petitioner not to file any additional motions for reconsideration without leave of this Court. ECF No. 35.

Petitioner then appealed the Court's opinion and order denying his motion for reconsideration of the habeas petition. ECF No. 36. While his appeal was pending before the Sixth Circuit, Petitioner filed the instant motion for relief from judgment and independent action under Rule 60, and the related motion to amend.

Before this Court ruled on Petitioner's motions, the Sixth Circuit denied Petitioner's application for a certificate of appealability. ECF No. 40. The appeals court concluded that reasonable jurists would not find it debatable whether this Court erred in rejecting Petitioner's claim that he received ineffective assistance of trial counsel and that reasonable jurists could not disagree with this Court's determination that Petitioner's other claims were procedurally defaulted. The Court now proceeds to address Petitioner's motion for relief from judgment and independent action, and his request to amend that motion.

5

## DISCUSSION

Petitioner brings his motion for relief from judgment and independent action under Rules 60(b)(3), 60(d)(1), and 60(d)(3) of the Federal Rules of Civil Procedure. He argues that the Assistant Attorney General who responded to his habeas petition on behalf of the State of Michigan committed fraud on the court by omitting certain material facts in her response. In his motion to amend, Petitioner seeks to raise an additional claim of fraud on the court by the trial prosecutor.

Rule 60(b) allows a party to seek relief from a final judgment on limited grounds, including "fraud . . . misrepresentation, or misconduct by an opposing party". Similarly, under Rule 60(d), a federal court may "entertain an independent action to relieve a party from a judgment," and "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). Independent actions are, however, an equitable remedy "available only to prevent a grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 47 (1998), "a 'stringent' and 'demanding' standard." *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011). In a habeas case, meeting this high bar requires a strong showing of actual innocence. *Id.* at 595–96. *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence").

Petitioner claims that the Assistant Attorney General for the State committed fraud on the court by omitting material facts in her response to his habeas petition. Specifically, Petitioner contends that the Assistant Attorney General failed to include in her response facts concerning:

(1) the parties' agreement about DNA testing and the state appellate court's comment that the factual premise for Petitioner's argument—that the prosecutor duped the jury—was not supported by the record;

(2) the prosecutor's and trial court's use of perjured testimony by a police officer and the complainant, failure to correct that perjured testimony, and failure to disclose that the trial court and prosecutor allowed the complainant to commit perjury;

(3) the prosecutor's selection of jurors who would not demand she provide DNA evidence, and the trial court's jury instruction that the prosecutor had no obligation to provide evidence other than the complainant's testimony;

(4) the prosecutor's failure to preserve exculpatory evidence by destroying the "on/off" button on the orange sex toy during trial;

(5) the prosecutor's objection to Petitioner's comment at sentencing that the prosecutor never sent the orange sex toy to the lab for testing; and

(6) trial counsel's failure to discover before trial the parties' agreement to test the orange sex toy for DNA evidence.

The Sixth Circuit has defined fraud on the court as conduct (1) on the part of an officer of the court that (2) is directed to the judicial machinery itself, (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth, (4) is a positive averment or a

concealment when one is under a duty to disclose, and (5) in fact deceives the court. *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993). A habeas petitioner has the burden of proving the existence of fraud on the court by clear and convincing evidence. *Carter v. Anderson,* 585 F.3d 1007, 1011–12 (6th Cir. 2009); *Info–Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008).

Here, the Court acknowledges that the attorneys for the State are officers of the court, *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber* Co., 536 F.2d 1115, 1119 (6th Cir. 1976), and that the Assistant Attorney General directed her conduct to the Court when she filed a response to the habeas petition. Nevertheless, there is no evidence that the Assistant Attorney General's response to the habeas petition was intentionally false, willfully blind to the truth, or submitted in reckless disregard for the truth.

There also is no evidence that the Assistant Attorney General concealed evidence from the Court or deceived the Court. In fact, she disclosed the material facts to the Court by filing transcripts of the pretrial proceedings in Petitioner's criminal case, the trial transcript, the sentencing transcript, the parties' appellate briefs, and the state courts' decisions. Some of these items are the very documents that Petitioner relies on to make his point that there was an agreement to test the orange sex toy for DNA evidence, that the complainant's trial testimony differed

from her prior testimony, and that the proceedings were tainted with perjury. The Court had all the documents it needed to render a decision on Petitioner's claims.

Turning to Petitioner's claims about the trial prosecutor, even if the trial prosecutor engaged in misconduct and the complainant committed perjury, that fraud would have been perpetrated against the state court in Petitioner's criminal case. Neither the prosecutor nor the complainant interacted with this Court. To prevail on his claim, Petitioner "must show by clear and convincing evidence that a fraud was perpetrated on the federal court, not just the state court." *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013). Stated differently, Petitioner must show that a fraud was "committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002) (citing *Workman v. Bell*, 227 F.3d 331, 336, 341 (6th Cir. 2000) (en banc)). He has failed to make the necessary showing. A witness's alleged perjury, moreover, does not suffice to constitute a fraud on the court. *Preferred Properties, Inc. v. Indian River Estates, Inc.,* 214 F. App'x 538, 540 (6th Cir. 2007) (citing *H.K. Porter Co.*, 536 F.2d at 1118)).

Petitioner also has failed to make a strong showing of actual innocence, which Supreme Court precedent requires a habeas petitioner demonstrate before proceeding with a Rule 60(d) independent action. *See Calderon*, 523 U.S. at 557–58 (1998). The complainant's testimony was

9

sufficient to convict Petitioner; it did not have to be corroborated. Mich. Comp. Laws § 750.520h. Further, as the Court has previously pointed out, the DNA test results were not clearly exculpatory; they were inconclusive.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's motion for relief from judgment and independent action (ECF No. 38) is **DENIED**. His request to amend the motion for relief from judgment and independent action (ECF No. 39) is **GRANTED** and has been taken into consideration.

The Court declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Nevertheless, if Petitioner decides to appeal this Court's decision, he may proceed *in forma pauperis* because an appeal could be taken in good faith.

**SO ORDERED**.

Dated: June 12, 2020     s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 12, 2020.

s/A. Chubb
Case Manager
