UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EDWIN SMITH**, | 2:16-CV-10098-TGB-PTM |
| Petitioner, | HON. TERRENCE G. BERG |
| v. | |
| **DAVID BERGH**, | **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 44); MOTION FOR RECONSIDERATION (ECF NO. 45); MOTION TO AMEND (ECF NO. 46); MOTIONS FOR EVIDENTIARY HEARING (ECF NOS. 47, 49); MOTION FOR RELIEF PURSUANT TO 60(B) (ECF NO. 48)** |
| Respondent. | |

Edwin Anthony Smith ("Petitioner"), currently confined at Michigan Reformatory in Ionia, Michigan, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 5554. The pro se habeas petition challenged Petitioner's conviction for first-degree criminal sexual misconduct. *See* Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen). This Court denied Petitioner's habeas petition and subsequent motions for reconsideration (ECF No. 28). The Sixth Circuit then declined to grant Petitioner a certificate of appealability. This Court also denied Petitioner's motion for an evidentiary hearing and motion for reconsideration (ECF No. 35) and

1

Petitioner's motion for relief from judgment (ECF No. 43). Now before the Court are Petitioner's motion for relief from judgment alleging actual innocence (ECF No. 44), motion for reconsideration of his 60(b)(3) fraud claims (ECF No. 45), motion to amend motion for evidentiary hearing (ECF No. 46), motion for an evidentiary hearing (ECF No. 47), motion for relief pursuant to 60(b) (ECF No. 48), and another motion for an evidentiary hearing (ECF No. 49).

For the reasons set forth below, the Court will **DENY** Petitioner's motion for relief from judgment (ECF No. 44), motion for reconsideration (ECF No. 45), motion to amend for an evidentiary hearing and motions for an evidentiary hearing (ECF Nos. 46, 47, 49), and motion for relief pursuant to 60(b) (ECF No. 48).

## I.     BACKGROUND

The factual and procedural background of this matter are set forth in detail in this Court's previous order. *See* ECF No. 43, PageID.2091-95. To summarize, Petitioner was charged with three counts of first-degree criminal sexual conduct arising from the sexual penetration of his then twelve-year-old stepdaughter. *People v. Smith*, No. 312021, 2014 WL 4263093, at *1 (Mich. Ct. App. Aug. 28, 2014) (per curiam) (unpublished). A jury convicted Petitioner of one count of first-degree criminal sexual conduct and Petitioner was acquitted of the remaining two counts. *Id*. The trial court sentenced Petitioner as a habitual offender to 25 to 38 years in prison. *Id*.

2

Petitioner then appealed his conviction to the Michigan Court of Appeals. Ultimately, the Michigan Court of Appeals upheld Petitioner's conviction, concluding that none of Petitioner's many claims warranted relief. Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal. *See People v. Smith*, 863 N.W.2d 316 (Mich. 2015).

Petitioner filed his federal habeas petition in 2016. In his petition, he alleged that the trial court failed to take appropriate action in response to the prosecutor's failure to present DNA evidence at trial; the prosecutor committed misconduct by choosing not to pursue DNA testing and by presenting perjured testimony; and that trial counsel was ineffective in failing to investigate and present potential defenses. On January 31, 2019, this Court denied the habeas petition because Petitioner's claims about the trial court and prosecutor were procedurally defaulted, and because the state appellate court's adjudication of Petitioner's claim about trial counsel was reasonable. ECF No. 28.

Petitioner then moved for reconsideration of the Court's order and for an evidentiary hearing regarding the prosecutor's alleged misconduct and results of the DNA analysis. ECF Nos. 32, 33. The Court denied both motions and declined to issue a certificate of appealability. ECF No. 35. Petitioner then appealed the Court's opinion and order denying his motion for reconsideration of the habeas petition. ECF No. 36. The Sixth Circuit denied Petitioner's application for a certificate of appealability,

but while the appeal was pending the Petitioner filed a motion for relief from judgment and independent action under Rule 60. On June 12, 2020, the Court denied Petitioner's motion for a relief from judgment. ECF No. 43.

Prior to the Court's June 12, 2020 order, Petitioner filed another motion for relief from judgment alleging actual innocence, which is currently pending before this Court. ECF No. 44. In addition to this motion for relief from judgment, the Court now proceeds to address Petitioner's motion for reconsideration (ECF No. 45), motion to amend motion for evidentiary hearing (ECF No. 46), motions for evidentiary hearings (ECF Nos. 47, 49), and motion for relief under Rule 60(b) (ECF No. 48).

## II.    ANALYSIS

At the outset, the Court notes that many of Petitioner's pending motions are based on identical claims, present the same evidence for various claims, and overlap extensively with previous arguments Petitioner has brought before this Court. Nevertheless, for clarity, the Court will address each motion in turn even where the claims overlap.

### a. Motion for Relief From Judgment - Actual Innocence

Petitioner contends he is entitled to relief from judgment under the "actual innocence" standard. ECF No. 4, PageID.2101. As evidence of his innocence, Petitioner argues that the trial court, prosecutor, and testifying police officer, Officer Beckem, engaged in misconduct during

4

the trial by "[i]ntentionally suppressing the child's [pre]trial [a]dmissions from the jury." ECF No. 44, PageID.2101. According to Petitioner a preliminary examination transcript includes a line of questioning where the child admits to utilizing an orange sex toy on herself. ECF No. 44, PageID.2102-03. However, Petitioner argues that the "admission" was suppressed during trial and as a result of the suppression both the child and Officer Beckem presented answers that went uncorrected during trial testimony. Petitioner goes on to assert that the trial court, prosecutor, and Officer Beckem knew Petitioner was actually innocent of count three involving the orange sex toy, but obtained a conviction by intentionally withholding the "admission" contained in the preliminary examination transcript.

Petitioner's arguments that the trial court, prosecutor, and Officer Beckem,  intentionally suppressed the child's preliminary examination "admission" from the jury are without merit. Proving actual innocence requires a petitioner "to support his allegations of constitutional error with reliable new evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Sixth Circuit has noted that the actual innocence exception should "only be applied in the 'extraordinary case.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 321)).

Here, Petitioner's does not present any new evidence—exculpatory,

5

eyewitness account, or physical evidence—that was not presented at trial to support the allegations of constitutional error. Petitioner presents as evidence the September 27, 2011 preliminary examination transcript, which he contends includes the admissions that the child utilized the orange sex toy on herself. ECF No. 44, PageID.2102-03. However, this evidence is not new and both the preliminary examination transcript itself and the question of the child utilizing the orange sex toy on herself was indeed discussed at trial. During the cross examination of Officer Beckem, counsel asked the officer if "the child admitted that she used the dildo on herself." ECF No. 7-17, PageID.1130. Officer Beckem responded "[y]es." *Id*. Officer Beckem goes on to say that she received that information from the court. ECF No. 7-17, PageID.1131. This is not the only time the September 27, 2011 transcript was utilized during trial. ECF No. 7-15, PageID.856 ("Your honor, I would also like to place on the record that this is the transcript from the preliminary examination which was conducted on September 27th, 2011."). *See also* ECF No. 7-15, PageID.846, 863, 888, 893, 911. In fact, Petitioner's counsel at trial attempted to utilize the preliminary examination transcript to impeach the child's testimony. ECF No. 7-15, PageID.880. Even if the preliminary examination transcript was "new" evidence, there is nothing in the transcript or anywhere else in Petitioner's motion to the support the claim that the prosecutor, trial court, or any other actor engaged in misconduct by intentionally suppressing evidence. Accordingly,

6

Petitioner does not meet his burden for a claim of actual innocence.

### b. Motion for Reconsideration (ECF No. 45)

Next, Petitioner seeks reconsideration of this Court's previous finding on his 60(b)(3) fraud claim and a motion for leave to modify his 60(b)(3) fraud motion. Petitioner argues that the Assistant Attorney General deceived the Court when she filed Petitioners' Rule 5 Materials "[w]ithout informing this Court [that] the State Appellate Court did not have Petitioner's '[c]omplete [r]ecords of [f]acts." ECF No. 45, PageID.2107. In particular, Petitioner directs the Court to a courtesy copy of the docket entries for his case and argues that the appellate docket sheet shows that no preliminary examination transcripts were received. ECF No. 45, PageID.2116. Petitioner also contends, as he did in his actual innocence motion and in his previous motion for reconsideration, that the prosecutor knowingly utilized perjured testimony at trial to mislead the jury. ECF No. 45, PageID.2113.

Motions for reconsideration are governed by Local Rule 7.1(h)(3), which provides that the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." The Sixth Circuit has defined fraud on the court as conduct (1) on the party of an officer of the court that (2) is directed to the judicial machinery itself, (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth, (4) is a positive averment or a concealment when one is

under a duty to disclose, and (5) in fact deceives the court. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). A habeas petitioner has the burden of proving the existence of fraud on the court by clear and convincing evidence. *Carter v. Anderson*, 585 F.3d 1007, 1011–12 (6th Cir. 2009); *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

First, the Court has already determined that there is no basis for the claim that Petitioner was convicted through the use, knowing or otherwise, of perjured testimony. *See* ECF No. 35, PageID.1965. Petitioner presents no new evidence and merely reiterates the same claim that this Court previously denied. Accordingly, Petitioner's claims regarding perjured testimony do not warrant reconsideration.

Petitioner's claim that the Assistant Attorney General committed fraud on the Court when she failed to inform this Court that the State Appellate Court did not have Petitioner's "complete" record of facts is also unsupported. As previously determined, there "is no evidence that the Assistant Attorney General concealed evidence from the Court or deceived the Court." ECF No. 43, PageID.2097. The appellate docket Petitioner points to as evidence of the fraud does not indicate what the state appellate court did or did not consider when reviewing Petitioner's appeal of his conviction, nor does it show that there was concealment of any documents, or demonstrate that the court was in fact deceived. In sum, Petitioner has not met his burden of showing by "clear and

8

convincing" evidence that fraud occurred. Accordingly, Petitioner's motion for reconsideration is denied.

### c. Motion for Evidentiary Hearing (ECF No. 46, ECF No. 47, No. 49)

Petitioner has also filed three motions requesting an evidentiary hearing, one of which is a motion to amend his previously filed motion for an evidentiary hearing. Petitioner does not contend that his claims arise from newly-created rights recognized by the Supreme Court, but instead asserts that the state appellate court did not have all of his pretrial transcripts prior to review and that there is "irrefutable evidence" that "confirm material documents were purposely omitted by court officials in an illegal cover up." ECF No. 49, PageID.2176. Petitioner argues an evidentiary hearing is necessary because this Court denied Petitioner's petition for habeas "because it was [m]isled into believing the State Appellate Courts' decision Affirming Petitioner's Conviction was based upon [a] [r]easonable [d]etermination [o]f the [f]acts of a '[c]omplete' State trial Court Record." ECF No. 47, PageID.2136. He also contends a variety of constitutional errors occurred which warrant review, including "[i]ndisputably [f]alse" testimony that went "[u]ncorrected" at trial. ECF No. 49, PageID.2177.

Under 28 U.S.C. 2254(e)(2), "the court shall not hold an evidentiary hearing" on a claim for habeas relief unless the petitioner relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable," or, (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence"; *and* "the facts underlying the claim would be sufficient establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Petitioner has failed to present facts or evidence that entitle him to an evidentiary hearing. While Petitioner contends this Court denied his habeas petition because of its "complete unawareness of facts submitted to this Court by Petitioner . . . in ECF No. 19," the Court had the complete record before it—including ECF No. 19—when it decided the Petitioner's habeas motion. ECF No. 46, PageID.2134. Petitioner also contends that a courtesy copy of the appellate docket sheet shows that key documents, including the transcript from the September 27, 2011 preliminary examination, were omitted from the Michigan Court of Appeals' review. However, as discussed above, Petitioner has provided no evidence that the Assistant Attorney General, or anyone else, knew about or concealed preliminary examination transcripts. In support of the evidentiary hearing Petitioner also repeats many of the same arguments and issues this Court has already addressed. For example, Petitioner again asks, without any new evidence, why the prosecutor was allowed to solicit "[i]ndisputably [f]alse" testimony from Officer Beckem. As addressed in this Court's previous order, "Petitioner has not presented evidence that

10

Officer Beckem's testimony regarding DNA testing of the orange sex toy was plainly factually false, that it was material, or that the prosecution knew it was false." ECF No. 35, PageID.1965. Finally, none of the reasons or facts listed in Petitioner's various motions requesting an evidentiary hearing provide any facts that would "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. 2254(e)(2).

The Court therefore denies Petitioner's motions for an evidentiary hearing and his motion to amend.

### d. 60(b) Motion

Finally, Petitioner submits a 60(b) motion, which he frames as a motion for leave of the Court. While Petitioner's motion fails to specify which section of Rule 60(b) he brings his claim under, the Court construes his argument as a claim of fraud on the Court as it repeats several of the claims presented in his prior 60(b)(3) motion. Again, Petitioner's claim relates to the September 27, 2011, preliminary examination transcript. Petitioner's central claim is that "[e]very [o]utcome [w]ould [h]ave [b]een [c]ompletely [d]ifferent" had the preliminary examination transcript not been deliberately omitted from the state appellate court's review of Petitioner's habeas claim. ECF No. 48, PageID.2148. Accordingly, he argues that the state appellate court committed "reversible error by not reviewing the [Entire] trial record." ECF No. 48, PageID.2149 (Brackets

included in original text). Based on this deficiency, Petitioner requests the Court (1) vacate the previous order denying habeas, and (2) reexamine habeas inclusive of the previously "overlooked" evidence. ECF No. 48, PageID.2151.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  Rule 60(b) applies in habeas corpus proceedings under 28 U.S.C. § 2254 " only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Id.* at 529 (quoting Rules Governing Section 2254 Cases in United States District Court, R. 11, 28 U.S.C. § 2254). A Rule 60(b) motion may not be utilized to circumvent the usual prohibition on "second or successive" habeas petitions. 28 U.S.C. § 2244(b). *See Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). A proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 at 532. A movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535.

The Court finds that Petitioner's claim is properly brought as a Rule 60(b) motion. The Court reads Petitioner's motion to be an argument that he is entitled to relief from judgment under Rule 60(b) because this Court's ruling was based on the false premise that the state appellate

court's decision was based on the full record, including the preliminary examination transcript. The Court finds that this is a Rule 60(b) motion because it attacks a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. *See Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) ("A Rule 60(b) motion is an appropriate vehicle to bring forward a claim for fraud on the court."); *Ray v. Bauman*, 326 F.Supp.3d 445, 468 (E.D. Mich. 2018) (finding that 60(b) relief was available when the Court's ruling was based on the false premise that there was nothing in the state record to suggest any material information was withheld.).

Nevertheless, Petitioner's Rule 60(b) motion fails because Petitioner cannot show that anyone committed fraud on the court. As previously discussed, fraud on the court consists of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Carter*, 585 F.3d at 1011 (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1993)).

It is unclear from Petitioner's motion which officer of the Court he is alleging committed the fraud at issue. This Court has already denied Petitioner's previous Rule 60(b)(3) motion where he alleged the Assistant Attorney General for the state committed fraud as there was, and

13

remains, no evidence that she concealed any documents or evidence from the Court. ECF No. 43, PageID.2097. Without identification of a specific officer, Petitioner fails to satisfy the first element of a fraud on the court claim.

Even if Petitioner did identify a particular officer of the court, his claim stills falls short of establishing any other element required to show fraud on the court. Most importantly, Petitioner has not provided any clear and convincing evidence of any fraud. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). While Petitioner again refers the Court to the appellate docket sheet as support for his claim, the sheet does not suggest that anyone acted intentionally, with willful blindness, or recklessly to conceal a preliminary examination transcript. There is also no evidence to demonstrate that even if the preliminary transcript was not provided to the state appellate court that the failure amounted to an intentional disregard for the truth or that the court was deceived. In sum, there is no evidence of "extraordinary circumstances" that would justify vacating this Court's habeas order. Accordingly, Petitioner's 60(b) motion will be denied.

## CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's motion for relief from judgment is **DENIED** (ECF No. 44), motion for reconsideration of the 60(b)(3) fraud claim is **DENIED** (ECF No. 45), motion for relief pursuant to 60(b) is **DENIED** (ECF No. 48).

Additionally, Petitioner's motion seeking to amend motion for evidentiary hearing and motions seeking an evidentiary hearing are **DENIED** (ECF Nos. 46, 47, 49).

The Court declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the Petitioner decides to appeal this Court's decision regardless, he may not proceed *in forma pauperis* because an appeal could not be taken in good faith.

**SO ORDERED.**

Dated: January 29, 2021      s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE